## SILMON THOMAS v. STATE.

No. A-2462.    Opinion Filed April 5, 1916.

(156 Pac. 240.)

HOMICIDE—Evidence—Weight and Sufficiency.    In a prosecution for murder the evidence considered and **held** sufficient to sustain a conviction for manslaughter in the first degree.

*Appeal from District Court, Haskell County;*
*W. H. Brown, Judge.*

Silmon Thomas was convicted of manslaughter in the first degree and appeals.    Affirmed.

*Thos. H. Owen* and *A. L. Beckett,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    The plaintiff in error, Silmon Thomas, was informed against for the crime of murder, alleged to have been committed in Haskell county on or about the 1st day of November, 1913, by shooting one Bobo Morris with a shot gun.    Upon his trial in the District Court of said county, a verdict of manslaughter in the first degree was returned and his punishment assessed at imprisonment in the penitentiary for the term of fifty years.    From the judgment rendered in pursuance of the verdict an appeal was taken by filing in this court on May 19, 1915, a petition in error, with case-made.

The evidence shows that the defendant and the deceased were Choctaw Indians, residing six or seven miles east of Stigler. Frank Robinson lived in the same neighborhood.    On the night of the tragedy there was a dance at Robinson's house; and about midnight the defendant and Frank Robinson left the dance and went to the home of Bobo Morris, the deceased; they had some whisky and alcohol with them.

Frank Robinson testified that they stayed at Bobo Morris' house about two hours drinking the whisky. The defendant then said he had more whisky at home, and asked them to go home with him, and they would have a good time. That in the meantime Mrs. Morris and her children returned from the dance. That they started up the road to the defendant's home and where the road crosses the branch witness left them, saying that he was going home. That when he reached his house he heard a shot fired and shortly after he heard two more shots; in a few minutes the defendant appeared and said that he had killed Bobo Morris. Witness told him he did not believe him and he said, "If you don't believe it come with me and I will show you." That they started back and when they were going down the road the defendant stopped and went to the rail fence by the road side and picked up a shot gun; that he found the body of Bobo Morris lying by the side of the road; and he examined the body and told the defendant that Bobo Morris was dead. That he also made an examination of the ground but did not see a knife or weapon of any kind. That he then went to Morris' house and told Mrs. Morris that Silmon Thomas had shot and killed her husband and telephoned the neighbors.

J. M. Hickman testified that in answer to a telephone call from Frank Robinson he started to where the shooting occurred and arrived there about sunrise; that he found the body lying in the road about two hundred yards from Frank Robinson's house and between the homes of the defendant and the deceased; that he examined the body and found a gun shot wound in the breast and also gun shot wounds in the lower limbs. That there was a large rock near the middle of the road, ten or twelve feet from the body and this rock was covered with blood and there was a zigzag trail of blood from the rock to the body. That he picked up ten or twelve shot near the rock. That there was an oak tree in the road about sixty feet from the body and a charge of shot had penetrated the trunk of the tree about five feet above the ground. That he examined the pockets of the clothing on the body and found nothing in them.

Several witnesses testified that they reached the scene of the homicide shortly after the shooting and stayed there until sunrise. That about that time the defendant appeared and said that the deceased "run him to there with a knife and he went and got his gun and shot him," that he further stated, "He would not mind to put up ten years for it, but he was not going to put up more than ten." He then said "He was going to town and give up," and as he started off he said, "I am the damn nerviest little Indian in Oklahoma, I have killed one Indian and would kill another."

As a witness in his own behalf Silmon Thomas, the defendant, testified that he was a Mississippi Choctaw, that he knew Bobo Morris in Mississippi; that with his wife who is a stepdaughter of Frank Robinson he attended the dance that night and about midnight Frank Robinson took him out in the horse lot and gave him a drink of whisky and asked him to go with him to Bobo Morris' house; that they went there and sat around the fire place drinking the whisky; that Frank Robinson also had a pint of pure alcohol. That Mrs. Morris returned home and said, "The dance is broke up," that he told them that he was going home and leaving there he went to Frank Robinson's house and found his wife in bed there, she said she would come home in the morning and while he was talking to his wife Frank Robinson came in; that he decided he would go on home, and after going about a hundred yards from Frank Robinson's house, he met Bobo Morris who said he was going to cut his damn head off; that he ran towards home and Morris followed him; that he went into his house ran through the front door and got his shot gun and went out the back door and then ran back about fifty yards and Morris followed him; that he then stopped and told Morris that he would shoot him if he did not stop following him and he fired the first shot.

That he ran on a little piece and again told Morris to stop and Morris would not stop, so he fired the second shot; that he reloaded the gun and Morris still following him said he was going to cut and kill him and he fired again and shot Morris in the

breast; that he then went up to Frank Robinson's house and told him that he had killed Bobo Morris; that he did not know whether Morris had a knife or not.

No brief has been filed and when the case was called for final submission no appearance was made on behalf of the plaintiff in error. Whereupon the cause was submitted on the record. Nothing appears from the evidence to indicate that the defendant had any motive to kill the deceased, however, the evidence shows that both were more or less intoxicated and it is highly probably that some disagreement arose between them as is frequently the case with Indians stimulated in this manner. The defense interposed in our judgment entirely failed and was properly discredited by the jury. It is apparent from the record that justice has been done and the judgment ought not to be reversed except for some error in the proceedings prejudicial to the substantial rights of the defendant.

We have carefully reviewed the record and examined the proceedings upon the trial, and we are satisfied that the record presents no question that would warrant this court in interfering with the judgment. It is therefore affirmed.

ARMSTRONG, J., concurs; FURMAN, J., absent on account of sickness.